## Scranton Lackawanna Trust Company
## v. McDermott et ux.

*James J. Powell* and *Maurice V. Cummings*, for plaintiff.

*Joseph J. Walsh*, for defendants.

HOBAN, P. J., June 10, 1954.—After defendants' preliminary objections to the complaint in equity were dismissed and defendants directed to answer over (April 19, 1954) defendants filed in court and served upon counsel for plaintiff a "Notice of Filing Requests for Admission and for Identity and Location of Witnesses". Plaintiff thereafter filed a motion to strike off the paper filed because not in conformity with any rule of court or Rule of Civil Procedure, and defendants in turn filed a motion to dismiss plaintiff's rule.

It is to be noted that plaintiff is administrator c. t. a. of the estate of Elizabeth McDermott, deceased, and brings this action to compel defendants to reconvey certain real estate to the estate of Elizabeth, alleged to have been obtained by deed from decedent during her lifetime by fraudulent means, and for an accounting of personal property of decedent alleged to have been removed from her control and possession, likewise by fraudulent means. Plaintiff, therefore, as fiduciary, is under a legal duty to collect the assets of the estate of decedent and in pursuance of that duty brings this action.

Defendants filed a paper in court labeled as "Notice of Filing Requests for Admission and for Identity and Location of Witnesses". This proceeding, of course, is in the nature of discovery as authorized by Pa. R. C. P. 4014 and 4007. There is a substantial difference, however, between the procedures authorized in the two rules. Under rule 4014 the party who seeks discovery has the right to serve a written request for an admission by the adverse party for the purpose of the pending action only of the genuineness of any writing, document or record, a copy of which is attached to the request, or the truth of any fact relating to its authenticity. The first part of the document in controversy is such a request. Objection is now made that there is no authority for filing the document in court, that all that the rule calls for is a service upon the adverse party and it is not entitled to filing until the adverse party fails to answer, or admissions are sought to be taken from the answer or from the failure or inadequacy of the answer.

We are of the opinion that such a document ought to be filed. Otherwise admissions, whether formally granted or to be taken as provided by the rule for failure to answer, are not matters of record and would require another step in procedure to bring them on the record. Therefore we would not feel warranted in striking the paper from the record for the reason advanced by plaintiff.

In this proceeding defendants have attached to the notice a purported agreement for the sale of real estate, indicating that Elizabeth McDermott, decedent, had signed the document by mark, followed by the name of a witness, and the document also purported to be signed by defendants. The discovery sought is to compel admissions by plaintiff as to the authenticity of this document which up to this point at least is not the basis for plaintiff's complaint, but obviously might

be introduced as evidence on behalf of defendant at a trial on the merits if subsequently it appeared to be relevant to the defense. The admissions sought are as to the authenticity of the document itself, of the signatures of decedent, of the existence of legal or valuable consideration for the conveyance to defendant, and whether or not the subject-matter of the agreement of sale is the same as the conveyance which is sought to be defeated by this action. These are matters which it seems to us in the inherent nature of plaintiff's duty as fiduciary plaintiff ought not to be compelled to admit. It is quite obvious that plaintiff as corporate fiduciary has no knowledge of the underlying facts, nor ought plaintiff as the administrator of a decedent's estate be compelled to make admissions against the interest of the estate, which could only be based on the evidence of witnesses other than the administrator or its corporate officers. The duty of an administrator is to proceed to collect the assets of the estate and to bring proper action to collect them where there appears to be a colorable right to such assets, and then to present to the court such evidence as it may have to support the action. In other words, admissions which could legitimately be sought from a direct party to the transaction giving rise to the subsequent action cannot in our opinion be sought from a fiduciary who is under a legal duty to prosecute a colorable claim.

Of course, we suppose that the fiduciary might file a sworn explanation of why it cannot admit or deny the matter or file objections to the relevancy or competence of the matter, or the scope of the request as permitted by Pa. R. C. P. 4014(b), but in view of the already unnecessarily protracted nature of this litigation we will treat plaintiff's requests to strike off as in the nature of objections to the competence of the matter and sustain the objection to the requests for admission.

The request to answer the written interrogatories as to the names and locations of witnesses to be called to prove the mental and physical incompetence of plaintiff's decedent must be stricken from the record for failure to secure prior leave of court to allow the discovery of the same. See Pa. R. C. P. 4007.

Now, June 10, 1954, plaintiff's objections to the notice for filing requests for admission are sustained and plaintiff is relieved from the necessity of filing answer thereto, and defendants' request for plaintiff to answer written interrogatory as to the identity and whereabouts of witnesses is stricken from the record.

### Opinion sur Rule to Open Judgment

HOBAN, P. J., June 10, 1954.—Preliminary objections to the complaint in equity were dismissed and defendants directed to answer over in 10 days on April 19, 1954.

Defendants failed to file an answer but on May 3, 1954, filed a paper labeled "Notice of Filing Requests for Admission and for Identity and Location of Witnesses" and served a copy of the same on counsel for plaintiff. This paper was filed without any leave of court. On May 6, 1954, plaintiff filed its praecipe for judgment for failure to plead within the required time, as authorized by Pa. R. C. P. 1511, and the prothonotary entered judgment thereon. On May 12, 1954, plaintiff filed a motion to strike off the "Notice of Filing Requests for Admission, etc." and a rule to show cause was granted thereon. On May 17, 1954, defendants filed a petition to open judgment obtained as above on the theory that filing their notice for admission, etc., operated as a stay, and further that they submitted a draft of the proposed answer to the complaint which set up a meritorious defense. On May 20, 1954, defendants filed a motion to dismiss plaintiff's rule to strike off the notice of filing requests, etc.

In an opinion and order filed this day we sustained the objections to the notice of filing requests for admission and struck off defendants' demand on plaintiff to answer interrogatories as to the identity and location of witnesses.

The question now is whether or not we should allow the judgment to be opened and permit defendants to enter a defense to the merits. Apparently defendants thought that the notice of filing requests for admission, etc., operated as a pleading and thus delayed the necessity for filing an answer until the request had been complied with or the interrogatories answered. There is no such provision in the Rules of Civil Procedure. Under the Conformity Rule, Pa. R. C. P. 1501, pleadings in equity are the same as those in an action of assumpsit at law and are limited to those prescribed in Pa. R. C. P. 1017. Discovery proceedings do not constitute pleadings. It is to be noted that nowhere in the rules governing depositions and discovery is there any requirement that the filing of any proceeding in the discovery process operates as a stay of the normal course of pleadings without leave of court. If delay is sought, Pa. R. C. P. 1003 is available to the party requesting it.

However, we think equity requires us to open this judgment and permit a defense upon the merits to be presented. The general substance of the proposed defense seems to us to present questions which ought to be decided at trial if properly pleaded. We will not at this time consider the suggested technical objections to the draft of the proposed answer as submitted with defendants' rule to open.

Now, June 10, 1954, the rule to show cause why judgment by default heretofore entered should not be opened is made absolute, and defendants are directed to file an answer to the merits within 10 days hereof.